**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:11CR157-3 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| v. | : | |
| DANIELLE BEAVER, | : | |
| Defendant. | : | |

**AGREED PRELIMINARY ORDER OF FORFEITURE
OF DEFENDANT DANIELLE BEAVER'S ASSET**

It is hereby stipulated and Agreed by and between Plaintiff, United States of America, and Defendant, Danielle Beaver, through her counsel, Gary Crim, as follows:

WHEREAS, on October 25, 2011, a Six Count Indictment (Doc. 4) was returned against Defendant, Danielle Beaver (hereinafter "Defendant") and two other Defendants not referenced herein;

WHEREAS, on April 16, 2012, the Defendant entered into a Plea Agreement (Doc. 45), and plead guilty to Count Two charging her with Aiding and Abetting the Distribution of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C);

WHEREAS, in pleading guilty to Count Two charging the Defendant with Aiding and Abetting the Distribution of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1) (C), the Defendant hereby agrees to the immediate forfeiture, pursuant to 21 U.S.C. §853(a)(1) and (2), of her interest in:

    a. any property constituting, or derived from, any proceeds obtained, directly or

indirectly as a result of the violation charged in Count Two;

b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation;

WHEREAS, the Defendant hereby further agrees that the following specific property (hereinafter referred to as the "Subject Property") is subject to forfeiture pursuant to 21 U.S.C. §853(a)(1) and (2) as property constituting, or derived from, any proceeds obtained, directly or indirectly and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, and agrees to the immediate forfeiture of her interest in the Subject Property:

a. $280.00 U.S. Currency;

WHEREAS, the Court's jurisdiction of the forfeiture in this matter is founded upon 21 U.S.C. §853(a)(1) and (2), which provides for the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation; and

WHEREAS, the United States has established the requisite nexus between the Subject Property and the Defendant's offense;

IT IS HEREBY ORDERED THAT:

1. The Court finds that the Defendant has an interest in the Subject Property and that the Subject Property is property constituting, or derived from, any proceeds obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of the violation charged in Count Two.

2. The Court orders that the Defendant shall forfeit, pursuant to 21 U.S.C. §853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in Count Two.

3. The Court orders that the Defendant shall forfeit, pursuant to 21 U.S.C. §853(a)(1) and (2), the following Subject Property:

a. $280.00 U.S. Currency.

4. This Agreed Preliminary Order of Forfeiture is final as to the Defendant and the forfeiture shall be made part of the sentence and included in the judgment. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

5. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

6. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means

described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(I) applies.

7. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United states Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

8. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought.

9. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

10. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

11. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: 9/7/2012                                             **\*S/THOMAS M. ROSE**

                                                            _____
                                                            THOMAS M. ROSE
                                                            UNITED STATES DISTRICT JUDGE

CARTER M. STEWART
United States Attorney


s/Brent G. Tabacchi                         08/31/2012
BRENT G. TABACCHI                           Date
Assistant United States Attorney


s/Gary Crim                                 08/31/2012
GARY CRIM                                   Date
Attorney for Defendant, DANIELLE BEAVER